## STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1926.

---

*(Continued from Volume 315.)*

---

THE STATE v. ELGIN HADLOCK, Appellant.

Division Two, December 20, 1926.

1. **INFORMATION: Killing Animal: Feloniously.** If an offense of statutory origin is described by the statute, and all the elements constituting the offense are set out in the statute, an information in the language of the statute is sufficient. The statute (Sec. 3318, R. S. 1919) declares that wilfully to kill an animal with intent to convert the carcass is larceny and punishable the same as larceny, and an information charging that defendant did unlawfully and wilfully kill a calf, of the value of twenty-five dollars, with the intent to feloniously steal and convert, in the language of the statute, is sufficient, although it does not expressly say that the act was feloniously done.

2. **INSTRUCTION: Circumstantial Evidence: No Request: Collateral Matter.** A failure to instruct the jury on a collateral matter is not error, if no such instruction is requested. Where defendant was charged with killing his neighbor's calf and appropriating its carcass to his own use, and defendant's guilty connection with the killing and appropriation was established by circumstances, the court's failure to instruct upon circumstantial evidence, there being no request for such an instruction, was not error.

Held, by WHITE, J., concurring in the result, that the Act of 1925, Laws 1925, page 198, requiring the motion for a new trial in a criminal case to set forth in detail and with particularity the grounds therefor, renders unnecessary a discussion of the question whether it was error to fail to give an instruction on circumstantial evidence, even though such evidence was the sole reliance of the State, where no such instruction was requested.

(1)

**3. INSTRUCTION: Circumstantial Evidence: Sole Reliance.** The trial court should not be charged with error in failing to instruct upon circumstantial evidence, where the State did not rely solely upon such evidence to sustain a conviction.

**4. EVIDENCE: Search: After Arrest.** After the arrest of an accused for a felony in compliance with a warrant for his arrest, the sheriff, without a search warrant, has a legal right to search the accused's premises at which the arrest is made, to discover violations of law connected with the crime charged.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1098, p. 567, n. 97, 2; Section 2498, p. 1056, n. 20; Section 2499, p. 1057, n. 26; p. 1058, n. 32; Section 2500, p. 1058, n. 37; p. 1059, n. 39; 17 C. J., Section 3707, p. 351, n. 26; **Indictments and Informations,** 31 C. J., Section 257, p. 703, n. 86; Section 260, p. 709, n. 31; p. 710, n. 32; **Larceny,** 36 C. J., Section 350, p. 844, n. 28; Section 352, p. 845, n. 44.

Appeal from Lawrence Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*William B. Skinner* and *Robert Stemmons* for appellant.

(1) The failure to allege that the act was feloniously committed is fatal to the information. State v. Bennett, 248 S. W. 924; State v. Deffenbacher, 51 Mo. 26; State v. Willard, 219 Mo. 721; State v. Keating, 202 Mo. 204; State v. Burchfelder, 228 Mo. 58. (2) It was error to fail to give the usual and customary instruction on circumstantial evidence. State v. Miller, 292 Mo. 124; State v. Burrell, 298 Mo. 672. (3) The evidence obtained by the sheriff should have been suppressed because such search violated Article 4 of the Constitution of the United States, Article 5 of the Constitution of the State of Missouri, and Section 23 of Article 2 of the Constitution of Missouri. State v. Lock, 259 S. W. 116; State v. Owens, 259 S. W. 100.

*North T. Gentry,* Attorney-General, for respondent; *Walter Sloat* of counsel.

(1) Where an offense is of statutory origin, described by the statute, an information in the language of the statute, is sufficient, where the statute sets out all the elements constituting the offense. State v. McWilliams, 267 Mo. 437; State v. Anderson, 298 Mo. 382. (a) The crime here declared by the statutes to be a felony, is killing an animal, the subject of larceny, and the property of another, "with intent to steal or convert to his own use" and is properly charged herein, as feloniously done. R. S. 1919, sec. 3318; State v. Shields, 296 Mo. 389. (b) The accused well knew the charge he was called upon to answer; the court and jury, the issues they were to try. (2) The motion to suppress the evidence was properly overruled. The sheriff, having served a warrant charging a felony, had a right

to search for any evidence connected with the crime. This was no violation of the constitutional rights of the accused. State v. Pomeroy, 130 Mo. 489; State v. Jeffries, 210 Mo. 302; State v. Sharpless, 212 Mo. 176; State v. Turner, 302 Mo. 660; State v. Rebasti, 306 Mo. 336. (3) There was no error in the failure of the court to instruct on circumstantial evidence. An instruction on circumstantial evidence is not such an instruction as is required by Sec. 4025, R. S. 1919, to be given of the court's own motion. Appellant's counsel did not request such an instruction; neither did they make a specific objection other than in their motion for a new trial. It was too late then for the court to instruct on this point, and the court is justly entitled to have objections raised timely. State v. Wansong, 271 Mo. 50; State v. Lee, 288 Mo. 41; State v. Parker, 301 Mo. 294; State v. Daugherty, 302 Mo. 638.

RAILEY, C.—On September 14, 1925, the Prosecuting Attorney of Lawrence County filed in the circuit court of said county, a verified information, which, omitting formal parts, reads as follows:

"Rex V. McPherson, Prosecuting Attorney within and for Lawrence County, Missouri, acting herein under his oath of office and upon his knowledge, information and belief, informs the court that Elgin Hadlock, late of said County of Lawrence and State of Missouri, on or about the 2nd day of June, 1925, at and in the County of Lawrence and the State of Missouri, did then and there one white-faced bull calf, of the value of twenty-five dollars, the personal property of Chas. C. Johnson, then and there being, unlawfully, wilfully did kill, with intent then and thereby to feloniously steal and convert the carcass and hide of said white-face bull calf to his own use; against the peace and dignity of the State."

On September 18, 1925, defendant filed a motion to suppress evidence, which was overruled. On the same day he was formally arraigned, entered a plea of not guilty, was tried before a jury and on said date the following verdict was returned:

"We, the jury, find the defendant Elgin Hadlock, guilty as charged in the information and assess his punishment at imprisonment in the penitentiary for a term of two years."

Thereafter a motion for a new trial was filed, overruled, allocution granted, judgment rendered and sentence pronounced in conformity with said verdict. An appeal was granted defendant to this court.

Counsel for appellant have made a very brief and insufficient statement of the case. After reading the record, we find that counsel for respondent have made a full and fair presentation of the facts, which we adopt as follows:

"The prosecuting witness, Charles C. Johnson, lived in Ozark Township in Lawrence County. Appellant, Elgin Hadlock, living about four and a half miles from the Johnson home. Johnson had

a farm of one hundred and forty-three acres adjoining the Hadlock place, on which he had at the time seven head of cattle, two cows, two yearlings and three bull calves. There was a fence between the Johnson and Hadlock farms.

"Wren Johnson, the son of Charles Johnson, went to the pasture on the second day of June and immediately after his arrival missed one of the bull calves. The missing calf was six months old, and the testimony shows that it weighed about five hundred pounds on hoof. Young Johnson went home, notified his father, and they immediately returned to this field. The cow whose calf was missing led them over to the fence where they saw an animal had apparently been killed, there being blood on the ground. The Johnsons then followed a track which had been freshly made and where something had been dragged along the ground by a horse or horses, finding a place in the adjoining field where the head and hide of a calf were still burning. Nearby they also found a stump where a carcass had apparently been cut up. The head of the calf had burned but very little, and was identified as that of a white-faced calf. The Johnsons then examined the track of the horses which had, from all appearances, been used to drag away the carcass, and found that one horse was shod in front, and the other horse had two shoes in front and one behind. They next went over on the hill where appellant, Hadlock, was working, and asked him if he had seen anyone around there. Hadlock said he had seen no one, and, examining the feet of Hadlock's horses, the shoes corresponded with the tracks found around the burning hide.

"Johnson immediately swore out a warrant charging Hadlock with killing the calf and he returned with Sheriff Austin to the Hadlock home. After arresting the appellant a search was made, and in the house they found a piece of cooked beef which had been placed in an old lard can and, in a small shed back of the house, they found the balance of a beef which, according to the testimony, would weigh about five hundred pounds on hoof.

"This evidence as to the finding of the beef was testified to by Charles Johnson, Wren Johnson and Sheriff Austin.

"Chester Wood, a fourteen-year-old boy, who was working for the Johnsons, also testified that he knew the Johnson stock and that the head of the calf which was burned, was unquestionably, one of Johnson's calves. The Johnsons both testified that the head of the burned animal was that of their calf.

"The appellant and his wife, Jennie Hadlock, testifying for the defense, swore that they had purchased a one hundred and seventy-five pound calf from Clay Woody on March 29, 1925, and had butchered it on June 1, 1925; that the beef found in their house was the calf they bought, and that they knew nothing whatever about the

killing of Johnson's calf. Hadlock also testified that his team was shod different than the State's testimony related.

"A check for twelve dollars which was given in payment of the calf butchered by them was introduced in evidence. Appellant testified that the calf butchered by him was a dark-colored calf.

"The defense only offered two witnesses.

"The following testimony was introduced by defendant in support of his motion to suppress the State's evidence:

"William Austin: 'I am the Sheriff of Lawrence County, and sometime ago arrested the defendant, Elgin Hadlock. I did not have a search warrant, but after the arrest I searched his building and found some fresh beef in the smokehouse and some cooked beef in the house.' On cross-examination he testified: 'I had the warrant for the arrest of Elgin Hadlock when I went to the premises, said warrant charging him with killing a calf, and I served it at the time I made the search.' "

I. The sufficiency of the information heretofore set out, is challenged by appellant on the ground that the act com-
**Information.** plained of is not alleged to have been feloniously committed.

Section 3318, Revised Statutes 1919, on which the information is based, reads as follows: "If any person . . . shall willfully kill such animal, with intent to steal or convert to his own use the carcass or skin or any part of the animal so killed, he shall be adjudged guilty of larceny, and punished in the same manner as if he had feloniously stolen such animal."

Section 3312, Revised Statutes 1919, makes it grand larceny to feloniously steal a calf belonging to another. Section 3318, Revised Statutes 1919, clearly defines the offense with which appellant is charged, and the information follows the language of the statute. He was clearly informed by the foregoing information that he was charged with unlawfully killing Johnson's white-faced bull calf, on June 2, 1925, in Lawrence County, Missouri, of the value of $25, with intent "to feloniously steal and convert the carcass and hide of said white-faced bull calf to his own use; contrary to the peace and dignity of the State." We are of the opinion that the information is sufficient. [State v. McWilliams, 267 Mo. 437; State v. Shields, 296 Mo. 389; State v. Anderson, 298 Mo. 391; State v. Gurnee, 309 Mo. 17; State v. Moore, 279 S. W. 133; State v. Cardwell, 279 S. W. 101; State v. Griffith, 279 S. W. 138; State v. Wright, 280 S. W. 705; State v. Bauer, 285 S. W. 82-3; State v. Pigg, 278 S. W. 1030.]

In State v. Anderson, 298 Mo. 391, Judge WHITE has very clearly and forcefully declared the law of this State in respect to the matter

under consideration as follows: "The courts of this State, however, have simplified criminal pleading, as far as it could be done without legislative authority under the Constitution and the prevalence of the common law. Where an offense is of statutory origin, described by the statute, an indictment or information in the language of the statute is sufficient where the statute sets out all the elements constituting the offense. [State v. McWilliams, 267 Mo 1. c. 449; State v. Perrigin, 258 Mo. 1. c. 236; State v. Moten, 276 Mo. 1. c. 357.]"

II. The trial court is charged with error in *failing* to instruct the jury on circumstantial evidence, although no instruction was asked, or submitted to the court on this subject. It was not **Instruction: Circumstantial Evidence.** necessary in making out the State's case to ask a cautionary instruction relating to circumstantial evidence. This was a collateral matter relating to appellant's side of the case. We are cited by appellant in support of the above contention to State v. Miller, 292 Mo. 135, and State v. Burrell, 298 Mo. 672.

In the Miller case, page 135, it is said: "Appellant complains of the action of the trial court in refusing, at his request, to instruct the jury upon the law of circumstantial evidence."

In State v. Burrell, supra, the court failed to instruct as to manslaughter. The defendant did not submit an instruction on this subject, nor did he request the court to so instruct. Judges WALKER, RAGLAND and JAMES T. BLAIR dissented, but the remainder of the court convicted the trial court of error in failing to so instruct. The undersigned dissented from the opinion in the above case, on the ground that it made the trial court an insurer against error, permitted astute and able lawyers to lie in ambush for the court, take a chance on the trial of the cause, and if unsuccessful, to trip backwards, and obtain a new trial in respect to matters not called to the attention of the court. The ruling, however, in the Burrell case does not sustain appellant's contention in the present controversy. In that case, the evidence disclosed that defendant was entitled to an instruction on manslaughter. Where the evidence warrants, it is the duty of the court, as a part of the State's case, to instruct as to murder in the first and second degree and on manslaughter. Under such circumstances, it was just as much the duty of the court, as a part of the State's case, to instruct on manslaughter as it was in respect to murder in the first degree.

Since the ruling in the Burrell case, we have conclusively settled the question that, where an instruction relates to a collateral issue and is a part of the defendant's case, he must present an instruction covering such issue, or request the court to so instruct. In this connection we have held that a defendant is entitled to a converse

instruction under certain circumstances, but as this does not relate to the State's case he must offer or request such an instruction at the trial before he can convict the court of error in failing to give same. We have likewise held that an instruction on *alibi* is a part of the defendant's case, and the court cannot be convicted of error in failing to instruct on this subject where its attention was not called thereto at the trial. [State v. Cardwell, 279 S. W. 100; State v. Brazel, 270 S. W. 274; State v. White, 263 S. W. 195; State v. Daugherty, 302 Mo. 638, 259 S. W. 788; State v. Carr, 256 S. W. 1048; State v. Parker, 301 Mo. 294, 256 S. W. 1042; State v. Bond, 191 Mo. 563.]

Under the circumstances of this case, we hold that appellant is in no position to complain of nonaction on the part of the court to instruct on the law of circumstantial evidence.

III. Aside from the foregoing, the trial court should not be convicted of error in failing to instruct on circumstantial evidence, as the State did not rely solely upon same for a conviction. [State v. Cox, 267 S. W. 887, and cases cited; State v. Craft, **Sole Reliance.** 299 Mo. 346; State v. Lyle, 296 Mo. 439, and cases cited; State v. Baird, 288 Mo. 65; State v. Emmons, 285 Mo. 59; State v. Stegner, 276 Mo. 440; State v. Massey, 274 Mo. 588; State v. Steinkraus, 244 Mo. 153; State v. Crone, 209 Mo. 317.]

IV. The third and last assignment of error in appellant's brief, complains of the court's action in overruling his motion to suppress the evidence obtained by the sheriff, without a search warrant, and in permitting the State to prove the result of such search. It **Search.** appears from defendant's testimony in support of his motion aforesaid, that Sheriff William Austin, had a warrant for defendant's arrest when he went to the latter's residence; that he had no search warrant at the time; that he made the search and found the evidence in controversy after he had arrested the defendant under said warrant. On the facts aforesaid, the law is well settled in this State, to the effect that the sheriff needed no search warrant. The court committed no error in overruling said motion. [State v. Pinto, 279 S. W. 146; State v. Rebasti, 306 Mo. 336, 267 S. W. 858; State v. Turner, 302 Mo. 664; State v. Sharpless, 212 Mo. 196; State v. Jeffries, 210 Mo. 325; State v. Pomeroy, 130 Mo. 497.] After arresting the defendant, the sheriff had the legal right to search the premises where the arrest was made to discover any violation of law.

V. We are of the opinion that the instructions given in the case properly declared all the law that was necessary to enable the jury to intelligently pass upon all the issues in the case. We find no er-

rors in regard to the admission or rejection of testimony. There is nothing in the record tending to show passion or prejudice upon the part of the jurors, as they imposed the lowest punishment possible under the law. In our opinion, the appellant has had a fair and impartial trial before an unprejudiced jury and found guilty.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. *Walker, P. J.,* concurs; *White* and *Blair, JJ.,* concur in separate opinions filed.

WHITE, J., (concurring).—I concur in the result in this case, but do not concur in the discussion of the assignments in the motion for new trial in paragraphs two and three. In these paragraphs it is held that the assignment in the motion that the trial court failed to instruct the jury on circumstantial evidence was not a sufficient assignment. It was a sufficient assignment under the law before the Act of 1925. [State v. Swarens, 294 Mo. l. c. 156 and 158.] And ever since the Swarens case it has been recognized as a rule that the court must instruct on circumstantial evidence, whether requested or not, where the State depends wholly upon circumstantial evidence. Judge RAILEY himself recognized the application of the principle in case of State v. Bennett, 297 Mo. l. c. 194.

But that discussion was wholly unnecessary in this case, because the case was tried in September, 1925, after the Act of 1925, page 198, was in force, where it provides that the motion for new trial (Laws 1925, p. 198) must set forth in detail and with particularity the specific grounds and causes therefor. A reference to that statute would be sufficient to dispose of those assignments of error discussed.

BLAIR, J., (concurring).—I concur in the result and in all of the opinion of Judge RAILEY, except Paragraph III. I think the evidence was entirely circumstantial.

The subject of circumstantial evidence is collateral. An instruction on that subject is not required to be given unless requested. I concurred in the contrary view in State v. Swarens, 294 Mo. l. c. 156 and 160. Subsequent consideration has convinced me that I was in error in my views in the Swarens case. The controlling opinion in that case merely held that an instruction on circumstantial evidence would have been proper. I think Judge RAILEY has announced the correct rule in Paragraph II of his opinion in this case. Only three judges concurred in the contrary view in the Swarens case, and that case is not controlling upon that point in this case.