**STATE of Missouri, Respondent,**

v.

**Victor Joseph ULRICH, Appellant.**

No. 46584.

Supreme Court of Missouri,

Division No. 1.

Oct. 13, 1958.

Charles M. Shaw, Wayne C. Smith, Jr., Clayton, for appellant.

John M. Dalton, Atty. Gen., Harold L. Henry, Special Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was convicted under Section 564.450 RSMo 1949, V.A.M.S. of feloniously leaving the scene of an accident; being charged with running his car into the car of Arnold H. Fink. Defendant was sentenced to imprisonment in the county jail for one year and has appealed. Since the offense is made a felony by Sec. 564.460, RSMo 1949, V.A.M.S., we have jurisdiction. Sec. 3, Art. V, Const., V.A. M.S.

Defendant has filed no brief, so we consider the assignments properly made in his motion for new trial. State v. Stehlin, Mo.Sup., 312 S.W.2d 838, and cases cited. The following assignments were made in the motion: "1. There was no direct evidence of the defendant having struck or made contact with the Fink car. 2. There were many and important variations in the testimony given at the time of the deposition being taken and at the trial. 3. That Captain Murphy's statement in words and to the effect; that he was watching the defendant because of previous convictions; a statement which was voluntary on the part of the witness, Murphy, was not responsive to any question propounded by the Counsel for the defense; said statement was highly irregular, of grave prejudicial error and contrary to the law of the State of Missouri; that if not highly prejudicial error, served only to incite the passion and prejudice of the jury to the harm and determent of the defendant."

Certainly the first two assignments do not amount to an assignment that there was not sufficient evidence to support the verdict so as to entitle defendant to a judgment of acquittal. It has long been established both that a criminal charge may be proved by circumstantial evidence (State v. Pigg, 312 Mo. 212, 278 S.W. 1030; State v. Loges, 339 Mo. 862, 98 S.W. 2d 564); and that credibility and conflicts in testimony are matters for the jury. (State v. Thomas, Mo.Sup., 309 S.W.2d 607, and cases cited.) Thus these assignments are too general and preserve nothing for review. Rule 27.20, 42 V.A.M.S.; State v. Stehlin, supra. We note, however, that there was substantial evidence both direct and circumstantial that defendant's car did strike the Fink car. There was the testimony of witness Charles W. Crause, who was driving behind the two cars involved (Fink's Chevrolet and defendant's Kaiser), that the Kaiser car was traveling very close to the Chevrolet at 40 miles per hour, then passed and cut in front of the Chevrolet, "after which the Chevrolet went into a ditch and overturned." He followed the Kaiser and his brother riding with him got defendant's license number and he gave it to the police. Mr. Fink said he saw the Kaiser car in his rear mirror "riding the bumper behind me * * * trailing me about a half a mile. Finally I heard something go Wham, my car turned around, turned upside down, the wheels in the air." He also said: "I didn't see the cars come together but I sure felt a jar." Fink's wife and daughter, who were riding with him, also testified and Mrs. Fink said: "I heard the noise when it hit our car. * * * After the car hit our car, it went on; it never stopped." Their daughter also said: "I heard something hit the car. * * * It was a big enough jolt to feel it." Captain Murphy of the Creve Coeur Police, in which city the casualty occurred, said he passed the two cars (he was going in the opposite direction) and saw defendant driving the Kaiser car behind Fink's car "approximately one foot from the bumper." About three or four minutes later he re-

-ceived a radio call that an accident had happened and went to the scene. He saw the Kaiser car later that evening with damage to the right front side and with blue print scratches on its bumper, which matched the blue paint on the Fink car. This testimony about the condition of defendant's car was corroborated by Officer Gooch, who found it.

As to the third ground of the motion, the record shows the following occurred during cross-examination of Captain Murphy by defendant's counsel:

"Q. Did you, of your own knowledge, know the license number of this Kaiser car before this slip of paper was given to you? A. Yes.

"Q. What, if anything—why did that number stick in your mind—why did you know that number and not the number of the Studebaker? A. I had observed Mr. Ulrich breaking the law during that time.

"Mr. Lasky: I will object to that, your Honor, and—A. You asked how I knew.

"Mr. Lasky:—ask that a mistrial be declared and the jury discharged.

"The Court: The objection will be sustained, but the motion for mistrial will be overruled. You brought it out yourself, but I will sustain the objection and the jury will be instructed to disregard it. It has nothing to do with the case.

"Mr. Lasky: If your Honor please, I did not ask the question about any violations—

"The Court: I've ruled, Mr. Lasky."

There was no motion to strike (see State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877, 880; State v. Buckner, Mo.Sup., 80 S.W.2d 167, 170), and no grounds of objection stated. See State v. Leonard, Mo. Sup., 182 S.W.2d 548, 551; State v. Slaten, Mo.Sup., 252 S.W.2d 330, 334. Furthermore, required action for improper or unexpected statements by a witness is a mat-

ter largely within the discretion of the trial judge. State v. Baker, Mo.Sup., 293 S.W.2d 900, 902, and cases cited; State v. Jackson, Mo.Sup., 267 S.W. 855, 858. The Court's action was prompt and emphatic, and we cannot say there was any abuse of discretion or that the action taken was insufficient.

We have examined the record and find no error respecting the sufficiency of the indictment, verdict, judgment and sentence.

The judgment is affirmed.

All concur.