STATE of Missouri, Respondent,

v.

William Charles THOST, Appellant.

No. 47027.

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1959.

No attorney of record for appellant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

■ This is an appeal by William C. Thost from a judgment imposing a sentence of five years' imprisonment for robbery in the first degree. Section 560.120. (Statutory references are to RSMo 1949 and V.A.M.S.) The case was tried in Ste. Genevieve County, Missouri, upon a change of venue from St. Francois County. Defendant has appealed. He has filed no brief and we consider such assignments of error as are properly preserved in his motion for new trial. State v. Bryant, Mo., 319 S.W. 2d 635 [1].

A service station, known in the record as M. F. A. Service Station, is located in St. Francois County, Missouri, on Highway 67 near the city limits of Flat River. Daniel P. Murphy was in charge of the station on the night of October 5, 1957. As he was closing the station for the night, two men in a blue 1956 Plymouth coach drove up and had him fill the tank with gasoline and check the water and oil. In the meantime Ronnie Petty drove up, noticed two men in the Plymouth, and walked into the station. A man, later identified as Mr. Sparks, came in without Petty's noticing him, and, pointing a gun at Petty, ordered him to get down on the floor. About that time Murphy finished with the Plymouth and as he approached, Sparks said: "Alright, let me have your money." Murphy told him he was kidding. Sparks said he was not. Murphy noticed Sparks had a gun and said: "O.K., it's your party." Sparks "marched" Murphy into the station, said he wanted the money, and Murphy handed the money over to Sparks. About that time Murphy heard the motor of the Plymouth speed up and Sparks "hollered out": "Take it easy, fella, there's nothing to worry about." Sparks then forced Murphy to get down on the floor with Petty. Sparks, as he returned to

the Plymouth, shot a hole in the right rear tire of the other car at the station. The Plymouth had a "Skyview Drive In" sticker on its rear window.

A description of the Plymouth automobile was given the State Highway Patrol soon after the robbery. Trooper James L. Englehart proceeded north on No. 67 and came upon the Plymouth when about three miles north of Bonne Terre. He followed the Plymouth, expecting another officer to catch up with him. He testified the two cars thereafter reached speeds of 100 m. p. h., and the driver of the Plymouth lost control when he attempted a right turn onto a gravel road in Jefferson County. Englehart stopped the patrol car, jumped out with a shotgun, and ordered the men out of the Plymouth with their hands up. Defendant got out of the driver's seat and Sparks out of the other side. He ordered the two men to lie face down on the ground and about that time Troopers James and Maxey arrived. Trooper Maxey found a .32 calibre Harrington & Richardson automatic pistol in the road near the right front fender where Sparks had gotten out of the Plymouth and a .25 calibre Belgium make automatic pistol near the other gun, both guns being within two and one-half to three feet of the Plymouth. Leather gloves were found about the middle of the front seat of the Plymouth. A .22 calibre Iver Johnson Target Revolver was on the seat between the gloves and door of the driver's side, and $120 was on the floor of the Plymouth.

There was testimony from the officers that defendant and Sparks stated that they got part of the $120 at the M. F. A. Service Station; and that defendant stated Sparks and he had committed this robbery, defendant remaining in the Plymouth; that the .22 calibre revolver was his, and that he drove the Plymouth from the service station.

Defendant did not testify. Evidence offered in his behalf was to the effect he had a good reputation.

The foregoing facts refute defendant's contention that the State failed to make a submissible case. State v. Stehlin, Mo., 312 S.W.2d 838, 839 [2]; State v. Jones, 363 Mo. 998, 255 S.W.2d 801 [2].

At the beginning of the trial, the State requested permission to endorse the name of Arthur F. Sparks on the information as a witness. Defendant objected on the ground he was notified of the request on the Saturday preceding the Monday on which the case was set for trial. The court granted the State's request. Defendant then orally requested leave to take the deposition of the witness. Defendant's request was refused. Defendant thereupon orally moved to disqualify the judge on the ground of prejudice against defendant. This request was also denied. Defendant, in his motion for new trial, contends the court committed prejudicial error in the foregoing rulings by forcing defendant to trial with only one day's notice of the name of the new witness and after defendant had moved to disqualify the judge. Arthur F. Sparks was not called as a witness, and it is difficult to perceive how defendant was prejudiced by the court's allowing the endorsement of his name as a witness, the foundation of the complaint in defendant's motion for new trial and at the trial. Consult State v. Johnson, 349 Mo. 910, 163 S.W.2d 780, 783 [2]; State v. Lindsey, Mo., 80 S.W.2d 123, 126 [8]; State v. Baker, 318 Mo. 542, 300 S.W. 699, 701 [2, 3].

Trial courts have considerable discretion in permitting the endorsement of the names of additional witnesses upon an indictment or information; and a finding of reversible error in the absence of substantial prejudice is not justified where no affidavit of surprise or application for a continuance is filed. State v. Hartwell, Mo., 293 S.W.2d 313, 316 [2–4]; State v. Farris, Mo., 243 S.W.2d 983, 986 [3–7]; State v. Peak, 292 Mo. 249, 237 S.W. 466, 469 [2]; Sup.Ct. Rule 24.17, 42 V.A.M.S.; Sections

545.070, 545.240; Sup.Ct. Rule 25.08(a); Section 545.710.

Supreme Court Rule 30.12 requires the filing of an affidavit stating that the defendant "cannot have a fair and impartial trial by reason of the interest or prejudice of the judge" to disqualify a trial judge. See section 545.660. Defendant's oral request was not made in a manner requiring the disqualification of the judge. Consult State v. Bryant, Mo., 24 S.W.2d 1008, 1010 [2, 3]; State v. Creighton, 330 Mo. 1176, 52 S.W.2d 556 [6]; State v. Moore, 121 Mo. 514, 521, 26 S.W. 345, 347.

Testimony covering statements made by the defendant to several of the officers at the time of his arrest and later was admitted in evidence. Defendant asserts in his motion for new trial that this testimony should have been excluded on the grounds defendant had not been informed of his constitutional rights, that the statements were not voluntary and were made while defendant was covered by a gun in the hands of the arresting officer. There is no merit in defendant's contention. The testimony covering defendant's statements, there being no objections thereto, was in the case for whatever it was worth. State v. Kollenborn, Mo., 304 S.W.2d 855, 858 [3]; State v. Dooms, 280 Mo. 84, 217 S.W. 43, 46 [3]. Defendant's statements were made at different times and the record does not establish that they were made while defendant was covered by a gun in the hands of the arresting officer. The fact that the officers did not inform defendant of his constitutional rights does not require the exclusion of his statements against interest. State v. Laspy, Mo., 323 S.W.2d 713, 716, 717; State v. Pippin, 357 Mo. 456, 209 S.W. 2d 132, 134 [3]; State v. McCulley, Mo., 327 S.W.2d 127. In the circumstances of record defendant's statements are presumed to have been voluntarily made. State v. Higdon, 356 Mo. 1058, 204 S.W.2d 754 [2].

The State introduced in evidence the .22 calibre revolver (exhibit 3) defendant admitted having at the time of the robbery, but the court excluded the other two weapons (exhibits 1 and 2) the officers found on the ground near where Sparks, the other robber, got out of the Plymouth at the command of Trooper Englehart. The State's evidence established concerted action by defendant and Sparks in the commission of the robbery by means of a dangerous and deadly weapon, in their flight from the scene of the offense, in their attempting to avoid capture, and their resulting capture about seventeen miles from the scene a short time after the robbery. The inference is warranted that exhibits 1 and 2 were in the possession of defendant's co-actor Sparks, and were available to defendant and Sparks in the commission of the robbery. Exhibits 1 and 2, as well as exhibit 3, were competent evidence, and defendant may not successfully assert prejudicial error in the admission of exhibit 3 and the refusal to admit exhibits 1 and 2 in evidence. State v. Ruck, 194 Mo. 416, 92 S.W. 706, 711, 5 Ann.Cas. 976; State v. Reich, 293 Mo. 415, 239 S.W. 835, 837 [9]; State v. Johnson, Mo., 286 S.W.2d 787, 791 [4]; State v. Hadlock, 316 Mo. 1, 289 S.W. 945, 947 [4]; State v. Pepe, 329 Mo. 774, 46 S.W.2d 862, 864 [1]; 22 C.J.S. Criminal Law § 712.

One of the State Troopers, when asked whether or not defendant or Sparks had stated where the $120 found in the Plymouth came from, answered that "they stated" part of it came from the "Mackley Liquor Store." Defendant objected and asked for a mistrial and the discharge of the jury. The State's attorney directed attention to the fact that his question called for a "yes" or "no" answer, in effect conceding that the witness' answer was improper. The court sustained defendant's objection but denied his request to discharge the jury. A trial court has a large discretion with reference to the drastic step of declaring a mistrial, and, since counsel for the State conceded the impropriety of the voluntary statement of the witness and the court

sustained defendant's objection, we conclude there was no abuse of discretion on the part of the trial court. State v. Johnson, Mo., 286 S.W.2d 787, 795 [19, 20]; 23 C.J.S. Criminal Law § 1382. The trial court, no doubt, would have instructed the jury to disregard the answer had such a request been made. This ground, first assigned for error in defendant's motion for new trial, may not be successfully urged upon appeal. State v. Tyler, Mo., 306 S.W.2d 452 [9]; State v. Washington, Mo., 320 S.W.2d 565 [8]; State v. Smith, Mo., 310 S.W.2d 845 [3]; State v. Hill, Mo., 76 S.W.2d 1092, 1094.

■ Assertions in motions for new trial that the court erred "in giving each and every instruction offered on behalf of the State" (State v. Burks, Mo., 257 S.W.2d 919 [1], 920), and "in refusing to give instructions A and B on behalf of and requested by the defendant" (State v. Burkhart, Mo., 242 S.W.2d 12 [3], 14), are insufficient to meet the requirements of Supreme Court Rule 27.20 (section 547.-030), and preserve no issue for appellate review.

The following verdict was first returned by the jury: "We, the jury in the above entitled cause, being duly sworn to try the issues herein, find the defendant not guilty.

"Guilty.
"/s/ Andrew A. Beyatte
"Foreman."

■ The judge informed the jury he did not understand the "verdict form" that had been signed; that two verdict forms had been submitted with the instructions, reading them; and that he could not tell "from this verdict here just what you mean, gentlemen. The Foreman: Well, sir, I guess we didn't look at that one form. The Court: Yes, you'll have to go back in there and come out with a verdict that we can understand, sir."

Thereupon, defendant moved to discharge the jury on the ground the court had orally instructed the jury, which was improper and prejudicial.

The judge stated he had not given the jury any instruction, and directed the jury to return to the jury room and deliberate further on their verdict.

Thereafter, the jury returned a verdict finding defendant guilty of robbery in the first degree and assessing his punishment at five years' imprisonment in the State penitentiary.

■ The court did not orally instruct the jury within the meaning of Supreme Court Rule 26.09 (section 546.380). The prosecuting officer and the judge should ascertain that verdicts are sufficient in form and substance. " * * * [W]hen the verdict is returned and it is found uncertain or insufficient, the court should so state to the jury, and require them to put it into proper form or, with their consent, to amend it in their presence." State v. De Witt, 186 Mo. 61, 71, 84 S.W. 956, 959. Defendant's contention is overruled. State v. Miles, 199 Mo. 530, 554 (VIII), 98 S.W. 25, 31(8); State v. Wood, 355 Mo. 1008 [4], 199 S.W.2d 396, 398 [5, 6].

We find no reversible error in the matters of record we are required to consider.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.