**STATE of Missouri, Respondent,**

v.

**Frank JAMES, Appellant.**

No. 48208.

Supreme Court of Missouri,

Division No. 2.

June 12, 1961.

William H. Bruce, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Richard R. Nacy, Jr., Sp. Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

■ Frank James appeals from a conviction of robbery in the first degree and a judgment imposing a sentence of ten years' imprisonment under the habitual criminal act. Defendant has filed no brief. We review the essential record and the assignments in defendant's motion for new trial properly preserving alleged error for review. Supreme Court Rules 27.20, 28.02, 28.08; State v. Brewer, Mo., 338 S.W. 2d 863, 865[1]. Defendant's said motion purports to set forth twenty-two grounds for a new trial. It attacks the refusal of requests for a judgment of acquittal (Sup. Ct.R. 26.10); the assessment of the punishment under Laws 1959, S.B. 117, now § 556.280; numerous denials of requests for a mistrial; the exclusion of evidence; the closing argument on behalf of the state; the giving of an instruction, and alleged misconduct of a juror and the state's attorney. (Statutory references are to RSMo 1959 and V.A.M.S.) Notwithstanding defendant's motion for new trial is abounding in words, a number of the assigned trial errors are too general to comply with Sup. Ct.R. 27.20(a) and others find no support in the record before us. The reports should not be burdened with setting forth all the lengthy assertions in defendant's motion. State v. Greer, Mo., 313 S.W.2d 711, 712.

A number of assignments in defendant's motion for new trial, some of which are insufficient to preserve any issue for review under Sup.Ct.R. 27.20(a), may be disposed of by a ruling on the submissibility of the state's case.

■ Robbery in the first degree, so far as material here, may be committed by feloniously taking the property of another in the presence of and against the will of one in lawful possession of it by violence to the person of such possessor *or* by putting such person in fear of some immediate injury to his person. § 560.120; State v. Thompson, Mo., 299 S.W.2d 468[14]. The facts here involved are substantially the facts considered sufficient on defendant's appeal from a prior conviction imposing a sentence of life imprisonment for this offense in State v. James, Mo., 321 S.W.2d 698, 700; which remanded the case because of trial error. We need not detail all the evidence favorable to the state. On July 13, 1957, Mrs. Rose Salensky, 66 years of age, was in charge of a combined grocery, meat and liquor store in St. Louis city, the property of Dave Sherp and Mildred Sherp, Rose's daughter. The Sherps were out of the city. Rose had previously owned the store. Miss Mary Lee, 30 years of age, Norman Lee Benson, about 16, and Ozell Brooks, another boy, who did not testify, were helping in the store. Defendant had been in the store that morning. A man, later identified by witnesses to be defendant, entered the store about 3:30 p. m. or earlier, wearing a bib cap, pulled down, walked over to Rose, who was standing by two cash registers and had not noticed him, grabbed her, picked up a little gun on a nearby shelf, saw it was a toy, threw it through an opening in a nearby partition into the kitchen, started pushing Rose into the kitchen and threw her onto the kitchen floor. Rose had hold of defendant and he fell on top of her. She became frightened and started screaming. Mary Lee ran to the kitchen, saw the man and Rose on the floor, went back and gave the burglar alarm. She started back to the kitchen; defendant passed her and slapped her; went to and opened a cash register, and took $178 from it. Another man, large, said:

"Come on, Frank, lets get out of here," and defendant ran out of the store with the money. In the meantime Mary Lee threw a 7-Up bottle at defendant, striking him on the forehead, and also the top of a broiler, striking him in the back. A jury could find defendant guilty of first degree robbery by violence or by putting the victim in fear. State v. Whitley, 327 Mo. 226, 36 S.W.2d 937 [2, 3]; State v. Gaines, Mo., 261 S.W.2d 119 [1]; State v. Hall, Mo., 7 S.W.2d 1001 [1]; State v. Parker, Mo., 324 S.W.2d 717 [2]. The testimony of the state's witnesses may not have harmonized in every particular, but was consistent on the essential elements of the offense charged and stands uncontradicted of record. Their credibility and the weight of their testimony was for the jury. State v. Benjamin, Mo., 309 S.W.2d 602 [3].

At the close of the state's opening statement defendant requested a judgment of acquittal on the ground said statement did "not mention in any way, shape, manner or form the use of any weapon of any kind and that the information" charged defendant with "armed robbery." The information charged defendant with robbery in the first degree as defined in § 560.120 and not under § 560.135, which merely permits a greater punishment for robbery in the first degree by means of a dangerous and deadly weapon. The opening statement covered the offense under § 560.120. The denial of defendant's request was proper. Consult State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75, 77 [2]; State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, 96 [4–6].

Defendant's contention that the assessment of his punishment at ten years' imprisonment by the trial judge under Laws 1959, S.B. 117, repealing and reenacting § 556.280, the habitual criminal act, effective subsequent to the commission of this offense, causes said S.B. 117 to be an ex post facto law and contravene Art. I, § 13, Mo.Const., and Art. I, § 10, Cl. 1, and Amendments I, V and XIV, U.S.Const., stands sufficiently answered in prior rulings

of this court. See State v. Payne, Mo., 342 S.W.2d 950, 955 [9], and cases there cited; also State v. Wolfe, Mo., 343 S.W. 2d 10, 12 [1]. Amendments I and V, U.S. Const., refer to the Federal, not the state, government. The jury sentenced defendant to life imprisonment for this offense under prior § 556.280. State v. James, Mo., 321 S.W.2d 698.

Many assignments in defendant's motion claim error in the court's refusal of a mistrial. The declaring of a mistrial rests largely in the trial court's discretion, but it is considered that this power should be exercised only in extraordinary circumstances. State v. Baker, Mo., 293 S.W.2d 900, 902; State v. Thost, Mo., 328 S.W.2d 36 [10]. A defendant, of course, should timely present his objections (State v. Velanti, Mo., 331 S.W.2d 542 [7]); and is generally held to the grounds stated to the court in his objection and may not stand upon a new issue in his motion for new trial (State v. Hernandez, Mo., 325 S.W.2d 494 [3, 4], citing cases; State v. Thost, supra, 328 S.W.2d 36 [11]). He may not first successfully assign error in his motion for new trial on the ground the court refused a mistrial when he does not request a mistrial. State v. Benjamin, Mo., 309 S.W.2d 602, 606 [7], citing cases; State v. Hepperman, 349 Mo. 681, 162 S.W. 2d 878 [25].

At the close of the cross-examination of Mrs. Sherp the following occurred: "Q. During all this time that you have been operating your store and coming down here for several days at a time, Frank James has been in jail, hasn't he? A. I know that.

"Mr. Cahill: Your Honor, just a minute. If Frank James has been in jail it is his own fault, not the fault of the Circuit Attorney."

The court stated there was no showing that this witness would or would not know where Frank James was. Thereupon, defendant requested the court to

declare a mistrial on the ground "the outburst of counsel for the state is so prejudicial as to express his opinion, his personal conviction of the guilt or innocence of the defendant." The court refused to declare a mistrial. The statement did not express an opinion of the state's counsel of defendant's guilt or innocence of the charge on trial. Here the objection by the state, and there is no showing it was an "outburst," was provoked and occasioned by defendant's question of a witness who did not possess testimonial qualifications to the fact involved. It is not contended the testimony was competent. See 22 C.J.S. Criminal Law § 600, p. 922, note 80. Defendant would distort counsel's statement, which, viewed in its context, is more readily applicable to the right of defendant to secure bail for his release from jail pending trial. We find no abuse of the discretion resting in the trial court. State v. Demaggio, Mo., 152 S.W.2d 71, 72 [3]; 23 C.J.S. Criminal Law § 1108, p. 587.

Defendant says a mistrial should have been declared because of asserted misconduct of witness Mildred Sherp in stating during cross-examination that she was ill and, after leaving the stand, staggering. The trial court stated the witness had not staggered. Defendant interposed no objection during the cross-examination of this witness. We find no error.

Defendant says the court erred in overruling his requests for a mistrial during the testimony of witness Rose Salensky on account of (a) the leading questions asked the witness on direct examination; (b) voluntary unresponsive answers of the witness about the presence of another man with a knife at the robbery; and (c) that during the cross-examination of the witness the state argued the case under the guise of making an objection. The record discloses with respect to "(a)" that the court sustained all of defendant's objections to leading questions that were well taken and the questions were reframed, and defendant requested a mistrial in only two instances.

With respect to "(b)" above, the witness on direct examination and again on cross-examination (when asked about the boy Ozell Brooks, an employee) volunteered the statement about the presence of another man with a knife. In the first instance the court instructed the jury to disregard this statement of the witness, as did the court in the second instance, but denied the request for a mistrial first made during the cross-examination. With respect to "(c)," defendant's counsel had been persistently questioning the witness about the number of customers in the store at the time of the robbery, the witness answering she did not remember. The state objected on the ground the questions were repetitious and also to implications that might arise from the questioning by defendant's counsel. The state's objections were overruled. Defendant then requested a mistrial, stating the conduct of the state's attorney was prejudicial, which the court also overruled. We find no error in these matters.

We find no request for a mistrial with respect to the redirect examination of witness Benson. The court sustained defendant's objection and instructed the jury to disregard all reference to a knife. This was more than defendant requested.

Detective Chandler, when asked on cross-examination about witness Benson being at the "show up" to identify defendant, stated he was not and volunteered that the young boy Benson was afraid of defendant. The court overruled defendant's request for a mistrial, but, without request, instructed the jury to disregard the voluntary remark. Defendant received more than he was entitled to under his objection.

Detective Ballard testified that defendant was at the police station on July 28, 1957, and upon inquiry whether they then talked to defendant about the Sherp robbery of July 13th, stated: "We talked to him, but not about that robbery." The court instructed the jury to disregard the answer and cautioned the witness to understand the question and not make voluntary statements,

but denied defendant's request for a mistrial. Defendant received all proper relief. State v. Ulrich, Mo., 316 S.W.2d 537, 539 [5].

■ Defendant assigns error in the court's refusal to permit him to read in his case his motion to take depositions of the state's witnesses as a poor person and the order of the court of October 2, 1957, denying said motion. "A motion is an application made to a court or judge for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant." 37 Am.Jur. 502, § 3. 60 C.J.S. Motions and Orders §§ 1, 3, pp. 4, 7. Defendant's motion sought an order of the court falling short of the dignity of a judgment. Ewing v. Vernon County, 216 Mo. 681, 116 S.W. 518, 519(3). "Issues of fact in a lawsuit are made and presented by the pleadings, not by motions outside of the pleadings." Smith v. Smith, 327 Mo. 632, 37 S.W.2d 902, 904 [2]. Fact issues on the merits in criminal cases are made by the indictment or information and defendant's plea thereto. This issue of defendant's presents no fact issue involved in the charge against him for determination by a jury. This was the view of the trial court and we perceive no error in that ruling. Furthermore, this case was first tried in November, 1957. The cause was, as stated, remanded upon appeal. A second trial in June, 1959, resulted in the jury failing to reach a verdict. Defendant's motion, presented prior to the first trial, was never renewed. The testimony of the witnesses in the two former trials was known to defendant. Defendant's contention is without merit.

Defendant says the court erred in overruling his requests for a mistrial on account of prejudicial argument. We do not find in the argument of the state's attorney the following asserted statements attributed to him in defendant's motion for new trial; that is, that the state's attorney referred to defendant as a "maniac," as being "intoxicated," as a " 'dog poisoner' and a 'poisoner of puppies at that' "; and "that the jurors and their families might be the next to be attacked by Frank James." It follows that the record does not sustain these asserted errors.

■ We do not find the substance of another of defendant's assertions, but it evidently refers to the state's attorney's statement that the store in a colored community, as indicated in defendant's motion, was manned by only two women and two boys, and that in some localities of the city the neighbors keep hands off when a crime is being committed. There was testimony that several customers were in the store when the robbery occurred, and the only persons who sought to interfere with the robber were Mary Lee and Mrs. Salensky. We think, as did the trial court, that the attorney's statement was legitimate argument under the record made.

■ The court correctly overruled defendant's request for a mistrial on the ground the state's attorney commented on defendant's failure to take the stand when, in argument, he stated: "The Defendant put on one witness, that is all, and she testified to one thing and that is all. She testified to the fact that there was a fight." Defendant's witness had testified to a fight occurring sixteen years before the robbery in which defendant injured state's witness Mary Lee. The quoted statement was made in answer to a statement by defendant's counsel that the state should have put Ozell Brooks, the boy who worked in the store but did not testify, on to rebut this testimony of defendant's witness, and in explanation of why Brooks, who went away to college in September, 1957, could not rebut said testimony. There is no indication of record that the boy Brooks possessed any testimonial qualifications with respect to a fight occurring about 1941. The argument was proper. It was not a comment on defendant's failure to testify. State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22, 32 [32, 33]; State v. Hayzlett, Mo., 265 S.W.2d 321, 323 [3–6].

Defendant asserts the court erred "in cautioning defendant's counsel in the hearing of the jury not to refer to the length of time defendant had been incarcerated, awaiting trial." Again, we do not find the error asserted in the motion for new trial in the record before us.

Defendant says the court erred in refusing to permit defendant to introduce evidence bearing upon the moral character of the witness Mary Lee and prohibiting defendant from commenting thereon in argument. In the cross-examination of this witness with respect to the fight in which she was injured by defendant many years prior to the robbery, the witness stated she did not go to the Homer G. Phillips Hospital for treatment; and the court, over objections of the state, ordered a subpoena duces tecum for specified records of said hospital requested by defendant. Defendant developed on cross-examination that said witness had been in the hospital for childbirth. Later, it was stipulated by defendant and the state that all records of emergency treatment at said hospital were destroyed after five years and were not available to the court. We find no further attempt by defendant to introduce evidence of this nature. The court excluded no evidence sought to be introduced by defendant affecting the character of witness Mary Lee. The argument on behalf of defendant is not in the transcript before us. Again, the record fails to disclose any refusal on the part of the court of any request of defendant with respect to the error assigned. State v. Mayberry, Mo., 272 S.W.2d 236, 242 [15].

Defendant questions the state's main instruction. Defendant says the instruction commented upon the evidence, unduly emphasized certain testimony, and improperly declared the law. He does not specify wherein and why the instruction is open to such criticisms. These assignments are too general to present anything for review. Sup.Ct.R. 27.20(a); State v. Weed, Mo., 271 S.W.2d 557, 559 [4]; State v.

Mayberry, Mo., 272 S.W.2d 236, 242 [17]; State v. Richardson, Mo., 321 S.W.2d 423, 427 [5, 7, 11].

Defendant points to no essential element of robbery in the first degree that is not included in the submitted findings to the jury; but takes the position that "if so" phrases should have been inserted throughout the body of the instruction. The court instructed the jury, so far as material here, that "if upon a consideration of all the evidence in the case, in the light of the court's instructions, you believe and find from the evidence, beyond a reasonable doubt, that" on July 13, 1957, at the City of St. Louis, Missouri, the defendant committed specified acts shown by the evidence to constitute all the essential elements of robbery in the first degree, they were to find defendant guilty. Every essential element of the offense was submitted in the conjunctive. We think a jury would understand what they were required to find. In addition, other instructions, applying to the entire case, were given on the presumption of defendant's innocence, reasonable doubt, the state's burden of proving defendant's guilt, and that: "No juror should vote for conviction unless he is convinced in his own mind, beyond a reasonable doubt, that under the evidence and the court's instructions defendant is guilty." We find no error. State v. Newland, Mo., 285 S.W. 400, 402 [5-7]; State v. Affronti, 292 Mo. 53, 238 S.W. 106, 110 [2, 3]; State v. Kilgore, 70 Mo. 546, 554. See State v. Batson, 339 Mo. 298, 96 S.W.2d 384, 387 [4].

Defendant alleges that he is entitled to a new trial on the ground he saw the state's attorney conversing with a member of the jury in the presence of the sheriff during the progress of the trial. This was known to defendant during the trial but no record was made of the alleged occurrence. This unverified allegation in defendant's motion for new trial does not prove itself and is not for consideration. State v. Smart, Mo., 328 S.W.2d 569, 576 [12], and cases cited; State v. Clark, Mo.,

331 S.W.2d 588 [8]. See State v. Flinn, Mo., 96 S.W.2d 506, 512 [20, 21], and cases cited.

The foregoing sufficiently disposes of all issues in the motion for new trial. The court gave defendant a fair trial. Our examination of the matters we inquire into under Sup.Ct.R. 28.02 discloses no prejudicial error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.