STATE of Missouri, Respondent,

v.

Charles Raymond BROWN, Appellant.

No. 49908.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Charles Raymond Brown, pro se.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

By a single count information (Section 560.110, RSMo, V.A.M.S.) filed in the Jackson County Circuit Court, appellant Charles Raymond Brown was charged under the Habitual Criminal Act (Section 556.280, RSMo, V.A.M.S.) with burglary in the second degree (Section 560.070, RSMo, V.A. M.S.) and stealing (Section 560.156, RSMo, V.A.M.S.) in connection therewith. A jury found him guilty of both burglary and stealing. The trial judge, under Section 556.280, supra, found that the appellant had previously been convicted of a felony and fixed appellant's punishment at three years' imprisonment on the burglary charge and two years on the stealing, the sentences to run consecutively (Section 560.110, supra). After appellant's motion for new trial had been overruled, he appealed to this court. Appellant was represented on the trial by court-appointed counsel. No brief has been filed in this court on behalf of appellant. We, therefore, examine on this appeal, the assignments of error presented in appellant's motion for new trial, as well as matters of record specified by Supreme Court Rule 28.02.

The state's evidence at the trial showed that, on April 21, 1962, Dorothy Marie Thompson resided in one of the 48 apartments in a building located at 2718 Linwood in Kansas City. When she left for work on the morning of April 21, the Saturday before Easter, she locked her apartment.

At approximately 11:45 P.M., on the evening in question, Steward Wilson, an

assistant to the manager of the apartment building, was returning to the building. As he reached an entrance to the building, he met two men coming down the steps from the entrance. There was a light over the entrance and a street light nearby. Wilson noticed that one of the men was carrying a gray fur stole with which he endeavored to conceal his face. The other was carrying a box. Because he was suspicious of the activity of the men, Wilson called the Kansas City Police Department and a police car was dispatched to the apartment building.

Wilson gave the policemen, Officers Fetters and Johnston, a description of the men. Fetters recognized the descriptions as fitting those of two persons he had seen in the vicinity on his way to answer the call. He and Officer Johnston drove to 31st and Montgall Streets where they saw, in front of the Log Cabin Tavern, the two men who fitted the descriptions Wilson gave. The tavern was approximately 2½ blocks from the apartment building and 2 blocks from where the officers had previously observed the two men. The officers took the men into custody and returned with them to the apartment house. There, according to Officer Fetters, Wilson identified the two as the two men whom he had seen earlier. One of the men was the appellant and the other a man named Patton. Patton was wearing a bright red jacket or shirt at the time. This attire was noticed by Wilson and Officer Fetters recalled that one of the men whom he saw had been so attired.

At approximately 12:30 A.M., on the 22nd, Mrs. Thompson returned to her apartment. The front door was open and all of her clothes had been thrown on the floor. Examination of the premises showed that property of Mrs. Thompson's which had been in the apartment was missing. The missing items included an imitation mink stole, a black Persian lamb stole, a portable radio, 112 phonograph albums, a record player, a sweater and an electric razor.

Officer Fetters was notified that Mrs. Thompson's apartment had been entered. He returned to the building and examined her apartment, finding that the east kitchen door had been pried open.

Officer Fetters took appellant and Patton to the police station where appellant was interrogated. He denied that he had been at the apartment, claiming that he had been at the Log Cabin Tavern.

At approximately 5:00 A.M., on April 22, James Colston, who resided at 3121 Chestnut Street, observed a pile of clothing, a radio, a record player and record albums in the back yard at his residence, less than ½ block from 2718 Linwood. He notified police who took the articles into custody. Mrs. Thompson identified them as articles which had been taken from her apartment.

The defendant's case consisted of the testimony of two witnesses, his sister and a friend of his sister. Both testified that appellant and Patton were with them inside the Log Cabin Tavern from 10:30 until 12:00 midnight on the evening in question.

On the basis of evidence to the foregoing effect, the jury found defendant guilty of burglary in the second degree and stealing. The trial court found that defendant had previously been convicted of burglary in the second degree in the Jackson County Circuit Court and imposed the sentence previously referred to.

Appellant's motion for new trial sets out the following grounds for new trial:

"1. Because the verdict and judgment of this Court was against the greater weight of the credible evidence in the case.

"2. Because the verdict and judgment of this Court was against the law applicable to the case.

"3. Because the verdict and judgment of this Court was erroneous, being based primarily on 'circumstantial evidence' and 'hearsay testimony' of the

police officers and witnesses produced by the plaintiff.

"4. Because the Court erred in overruling defendant's Motion for a Directed Judgment of Acquittal based upon certain objections then read into the record to the effect that the plaintiff had not established the 'res gestae', said objections benefiting the defendant, and being made upon the close of plaintiff's case.

"5. Because the Court erred in permitting Counsel for plaintiff to persist in asking leading questions on direct examination of all his witnesses, over the proper objections of counsel for defendant."

■ Considering, as we do, these grounds for new trial as specifications of error on the appeal here, we conclude that specifications 1 and 2 preserve nothing for review by this court. State v. Andrews, Mo.Sup., 371 S.W.2d 324, 327(4); State v. Washington, Mo.Sup., 364 S.W.2d 572, 574(2); State v. Hadley, Mo.Sup., 364 S.W.2d 514, 516(1).

■■ As to specification 3, "[i]t is well established that circumstantial evidence is sufficient to support a conviction * * *." State v. Giden, Mo.Sup., 369 S.W.2d 212, 214(4); State v. Durham, Mo.Sup., 367 S.W.2d 619, 621(1). No specification is made as to the evidence alleged to be hearsay. Examination of the transcript reveals several objections at the trial on the part of appellant's counsel to questions tending to elicit hearsay testimony, all of which were sustained. Therefore, we find no basis in this assignment for error on the part of the trial court.

■ Turning to specification 4, we fail to find in the transcript on this appeal any motion on behalf of appellant for a directed verdict at the close of the state's case. Even had there been such, the production by defendant of evidence would have waived any error in overruling such motion. State v. Doepke, Mo.Sup., 361 S.W.2d 689, 691(2).

■ Considering these four assignments "in the totality of their effect" as challenging "the substantiality of the evidence," (State v. Edmonds, Mo.Sup., 347 S.W.2d 158, 160(2)), the recital of the evidence shows clearly the sufficiency of the evidence to sustain the verdict. Wilson identified defendant as one of two men whom he saw leaving the building in which Mrs. Thompson's apartment was located. One of the men was carrying items of women's clothing, including a gray fur stole. Wilson stated that appellant was carrying a box. Mrs. Thompson found that her apartment had been forcibly entered and that, among the missing items of her belongings, were a gray fur stole, phonograph records and a radio. The stole and other items removed from her apartment were found nearby the next morning. The appellant was found in the vicinity shortly after the police had been notified of a possible burglary. Certainly, the evidence warranted the jury's disregarding appellant's alibi testimony and concluding that appellant was guilty as charged.

As for the appellant's fifth assignment, the transcript shows only one instance in which appellant objected to leading questions and that objection was sustained. We find no basis of error in this allegation.

We have examined the matters of record. The information is in conventional form and sufficient. Appellant was arraigned and pleaded not guilty. He was present at the trial. The verdict is in proper form and responsive to the charge. The appellant was accorded allocution and judgment and sentence duly pronounced and entered.

Finding no error in the proceedings in the trial court, the judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.