**STATE of Missouri, Respondent,**

v.

**Bobby Joe BARNES, Appellant.**

**No. 53780.**

Supreme Court of Missouri,
Division No. 2.

July 14, 1969.

---

1. All statutory references are to RSMo 1959, V.A.M.S.

John C. Danforth, Atty. Gen., Jefferson City, Thomas E. Allen, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Leo C. De Voto, Jr., St. Louis, for appellant.

DONNELLY, Presiding Judge.

Appellant, Bobby Joe Barnes, was convicted of stealing an automobile under § 560.156, RSMo 1959, V.A.M.S., by a jury in the Circuit Court of the City of St. Louis, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. 117), was assessed at imprisonment in the custody of the State Department of Corrections for a term of ten years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence. However, a brief summary is in order. According to the evidence, Mrs. Adine Adams, on September 20, 1967, at approximately 2:00 P.M., parked her 1955 Chevrolet in an A & P Store parking lot on Delmar Boulevard in the City of St. Louis, locked her automobile, and went into the store to shop. Her automobile was missing when she returned. A police officer, Officer John Leahy, happened by, was summoned, and was given a description of the automobile. He sent this information by radio to headquarters and proceeded to take Mrs. Adams to her home. While on the way, he heard over the radio that the automobile, believed to belong to Mrs. Adams, was being pursued. He drove to the area described and came upon Mrs. Adams' automobile at the intersection of Ridge and Arlington.

Officer Donald Brian was on duty on September 20, 1967. He heard the description of the automobile on the police radio, observed an automobile fitting the description, and proceeded to pursue it. After a chase of several blocks, while proceeding south on Arlington, the driver jumped out of the moving automobile and ran eastwardly into an alley.

At about the time the driver jumped out of the automobile, Detective Dennis Foy arrived in another police car. Officer Brian described the driver of the automobile as a Negro male, wearing a green shirt and light-colored pants. Officer Brian then followed the moving automobile and Detective Foy followed the driver. Detective Foy turned his police car onto Ridge Avenue, observed a man fitting the description given by Officer Brian, and apprehended him. This man was appellant.

Fingerprints were removed from the left vent window in the driver's door of Mrs. Adams' automobile. According to the evidence, the prints were made by appellant's left middle finger and left ring finger.

The evidence is ample to sustain the conviction.

Appellant's sole point on appeal is that the trial court erred in failing to give to the jury an instruction defining circum-

stantial evidence, citing S.Ct. Rule 26.02(6) V.A.M.R. (Cf. § 546.070 [4], RSMo 1959, V.A.M.S.). Appellant did not offer such an instruction.

The applicable law was stated in State v. Starr, 244 Mo. 161, 181, 182, 183, 148 S.W. 862, 867, 868, as follows: "* * * Consideration of the foregoing decisions, and others of similar import, discussion of which want of space forbids, shows that from 1842 this court has preserved a clear distinction between questions arising upon the issues, which may be termed essential questions, and those collateral merely. The earlier cases, in which no mention is made of collateral questions, and which say that the court must instruct on the law of the case, relate to essential questions. * * * The propositions established by the decisions are that it is the duty of the court, whether requested or not, to instruct on essential questions, so as to properly advise the jury of the issues in the case; that on collateral questions it is not the duty of the court to instruct unless the defendant offers an instruction embodying the principle contended for; and, if the instruction as offered is not correct in form, the court should frame and give one in proper form. * * * We now hold that as to collateral questions the parties must formulate and ask such instructions as they may be entitled to, and such instructions should embody the principle for which they contend. If improperly framed, the trial court should correctly reframe them, if the principle embodied is applicable to the facts."

 An instruction on circumstantial evidence involves "collateral matter." State v. Hadlock, 316 Mo. 1, 289 S.W. 945. We hold that the trial court's failure to give an instruction defining circumstantial evidence, *there being no offer of such an instruction by appellant*, was not error. State v. Michael, Mo.Sup., 361 S.W.2d 664; State v. Allen, Mo.Sup., 235 S.W.2d 294; State v. Martin, 357 Mo. 368, 208 S.

W.2d 203; State v. Mansker, 339 Mo. 913, 98 S.W.2d 666; and State v. Singleton, Mo.Sup., 77 S.W.2d 80.

The judgment is affirmed.

All of the Judges concur.