**STATE of Missouri, Respondent,**

v.

**James Farmer LEWIS, Appellant.**

**No. 57041.**

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

STOCKARD, Commissioner.

James Farmer Lewis has appealed from the judgment entered pursuant to jury verdict by which he was found guilty of burglary in the second degree and stealing in conjunction therewith, and sentenced to imprisonment for six years for burglary and four years for stealing, the sentences to be served concurrently. We affirm. This case is in some respects factually related to State v. Lewis, Mo., 482 S.W.2d 436.

On July 15, 1970, Mr. Marion Strube discovered that his mobile home had been broken into, and that certain personal property was missing including a color television set, three pistols, ten boxes of .22 rifle shells, a clock radio, and a metal filing cabinet with its contents which included the record titles to the mobile home and three automobiles. About one hour later Mr. Strube and his brother discovered the television set in a nearby wooded area. That night as Mr. Strube and his two brothers watched the area, appellant and a companion by the name of Gary Ickenroth approached the place where the television set had been found. They were apprehended and turned over to the sheriff of Montgomery County. In appellant's automobile, which was parked over one-eighth mile away, there were found two pairs of cotton gloves and the four "car titles in the glove compartment" which had been in the metal box taken from the mobile home of Mr. Strube.

Gary Ickenroth testified for the State. He stated that on July 15 he was hitchhiking on Interstate Highway 70 and was picked up by appellant who turned onto Highway 19, and then onto a gravel road and parked the automobile. According to Gary, appellant told him that he was going to "pick up a colored TV and three pistons" [pistols?] which he had gotten the night before and placed there "because he was being followed by the law." Gary then related how he and appellant were apprehended by the Strube brothers, and he

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Shaw & Howlett, Charles M. Shaw, Clayton, for appellant.

further stated that appellant had told him that he had stolen the television set from a trailer, and that he was going to get it and take it to St. Louis where he worked.

Appellant testified to the effect that he did not burglarize the Strube mobile home, and that he did not steal anything from it. He stated that on July 15 he had loaned his automobile to a person by the name of Larry Stevens, and that when the automobile was returned, Larry told appellant he would pay him $50 if he would go pick up a television set located in a wooded area. Larry gave appellant a map showing the location of the television set, but the map was left in the automobile and he did not know what became of it. He denied any knowledge of the automobile titles found in his automobile.

In rebuttal, the State offered in evidence as a prior inconsistent statement a recording of a portion of an oral statement appellant made the day following his arrest in which he said that he had loaned his automobile to a person by the name of Bill, and that it was Bill who offered him $50 to pick up the television set.

Appellant contends that the evidence was insufficient to authorize a finding that he had burglarized or stolen anything from the Strube mobile home. He argues that there was no exclusive possession by him of recently stolen property, and further, that if possession is shown, the rule that the possession of recently stolen property creates a presumption that the possessor of such goods stole them is unconstitutional in that it shifts the burden of proof to the accused.

█ Appellant has misconstrued the rule pertaining to the possession of recently stolen property. As stated in State v. Cobb, Mo., 444 S.W.2d 408, "it is now recognized that possession of stolen property does not raise a presumption of guilt but is only a circumstance from which guilt may be inferred as a matter of fact." Stated another way, "A defendant's possession of property stolen in a burglary is evidence of guilt connecting him with the commission of the burglary and in the absence of countervailing evidence is sufficient to sustain a conviction of burglary." State v. Heitman, Mo., 473 S.W.2d 722, 726. See also State v. Durham, Mo., 367 S.W.2d 619, and State v. Holmes, Mo., 434 S.W.2d 555.

█ It is difficult to see how, under the circumstances, Gary Ickenroth could have had possession of any of the stolen property, but in any event, the possession of recently stolen property which will support an inference of guilt may be a joint possession, State v. Cobb, Mo., supra, and actual manual possession is not required. State v. Prunty, 276 Mo. 359, 208 S.W. 91. In this case appellant had recent and actual possession of the four certificates of title which were stolen at the time of the burglary. We need not rule whether the factual situation would permit an inference of possession of the television set. This case, to a substantial degree, was based on circumstantial evidence, but it does not rest solely on the inference authorized by reason of possession of recently stolen property. The jury could take into consideration that appellant parked his automobile over one-eighth of a mile from where he entered the woods, that he entered the woods near midnight and went directly to the place where the television set had been found, that he had possession of some of the property stolen in the burglary, that he admitted to Gary that he had stolen the television set, and that he made inconsistent statements concerning his reason for entering the woods. When these facts and circumstances are considered with the facts of the burglary, and the items which were stolen, they authorized a finding by the jury that appellant was the one who burglarized the Strube mobile home and stole the property therefrom. Possession of the stolen property was but one of the circumstances; the case did not rest on that fact alone. We find no merit in this contention.

Appellant next asserts prejudicial error resulted from the admission into evidence over his objection of the two pairs of cotton gloves found on the floor of his automobile.

■ There was testimony that no fingerprints could be found on the television set or at the mobile home. Gloves, when worn by a burglar, will prevent the imprint of fingers, and it is generally known that gloves are a common tool employed by burglars and thieves. State v. Witt, Mo., 371 S.W.2d 215, 219. The fact that appellant had gloves was material to explain the absence of fingerprints, and was properly admitted into evidence. State v. Russell, Mo., 324 S.W.2d 727.

■ Appellant asserts it was erroneous for the State to play to the jury a portion of the recording of his oral statement, which showed a prior inconsistent statement, because "it would lead the jury to believe that there had been a confession during the custodial interrogation." He argues that the prejudice outweighed its probative value, but he concedes that this is a matter directed to the sound discretion of the trial court.

Assuming, but not deciding, that a jury reasonably could have been caused to believe that appellant had made a confession during cross-examination, police officer Green, who participated in recording the oral statement, testified that at no time during the oral statement did appellant confess to any participation in the burglary or the stealing. There was no abuse of discretion.

Appellant next contends that Instruction 5, the verdict directing instruction pertaining to stealing, contained "an inadequate general converse" in that it concluded as follows: "and unless you find the facts to be, you will find the defendant not guilty of stealing in conjunction with burglary."

■ The instruction could have been better worded, but it is not necessarily erroneous because better wording could have been used. The instruction clearly told the jury that unless it found the facts to be as hypothesized therein, it should acquit appellant of stealing. In State v. Dougherty, 287 Mo. 82, 228 S.W. 786, a verdict directing instruction concluded with the phrase, "unless the jury find the facts to be as stated they will acquit the defendant." The court held this language, which we consider to be in substance the same as that used in Instruction 5, "cannot be construed as otherwise than telling the jury if they find the facts as stated they may convict, but unless they so find them they will acquit. There is therefore no opportunity for the jury to have misinterpreted their province." See also State v. Engberg, Mo., 377 S.W.2d 282, 287. We find no error.

No request was made for an instruction on circumstantial evidence. However, appellant now asserts the court was required to give such an instruction as a part of the law of the case.

■ While this case is based to a substantial degree on circumstantial evidence, there was also direct evidence in the form of the admissions by appellant testified to by Gary Ickenroth. Where there is direct evidence such an instruction is not required, even if requested. State v. Stevens, Mo., 467 S.W.2d 10, 25. Also, when there is no direct evidence "an instruction on the law of circumstantial evidence [is] * * * required if, but only if, requested." State v. Allen, Mo., 235 S.W.2d 294, 297. See also State v. Barnes, Mo., 442 S.W.2d 932. The trial court did not err in failing to instruct on circumstantial evidence.

■ Appellant's final contention is that the court erred "when it failed to offer to have the jury polled upon the return of the verdict." An accused may waive his right to poll the jury, State v. Thursby, Mo., 245 S.W.2d 859, and "since the right of accused to a poll of the jury is not a

necessary ingredient of his conviction, the court is not required to have the jury polled in the absence of a request therefor; * * *." 23A C.J.S. Criminal Law § 1392, p. 1049. See also State v. Burns, 148 Mo. 167, 49 S.W. 1005, 71 Am.St.Rep. 588. We note, however, that the court asked the members of the jury collectively if the verdict signed by the foreman was their verdict, and the record shows "affirmative answers from jurors."

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.