**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Eric C. SHELTON, Defendant-Appellant.**

**No. 40926.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Hale W. Brown, Jr., Hale W. Brown, Kirkwood, Stuart Cofman, St. Louis, for defendant-appellant.

Paul Robert Otto, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, Sean J. O'Hagan, Asst. Pros. Atty., Courtney Goodman, Jr., Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Eric Shelton, herein defendant, was charged with three counts of tampering with a motor vehicle. He was convicted under Count I of the information and sentenced to one year imprisonment in County Jail. The defendant was acquitted on Counts II and III.

Defendant raises two points on appeal, the first being that the trial court erred in denying his motion for acquittal at the close of all the evidence on the ground that the

evidence presented by the State was insufficient to submit the case to the jury.

■ There was no direct evidence of the defendant's guilt presented by the State in this case, however, it is well settled that a conviction based solely on circumstantial evidence is as legitimate as one founded on direct evidence. *State v. Brown,* 375 S.W.2d 126, 128 (Mo.1964). The circumstantial evidence upon which the conviction is based need not prove the impossibility of the defendant's innocence. Such evidence must merely be consistent with the theory of guilt and inconsistent with reasonable theories of innocence. *State v. Turnbough,* 497 S.W.2d 856, 858 (Mo.App.1973).

It is not within the province of this court to weigh the evidence as presented at the trial. *State v. Lowery,* 565 S.W.2d 680, 684 (Mo.App.1978). We will only review the evidence for the purposes of determining whether it was of such a nature as to be inconsistent with reasonable theories of innocence and whether it was sufficient, when viewed in a light most favorable to the verdict, to support the conviction. *State v. Johnson,* 447 S.W.2d 285, 287 (Mo. 1969); *State v. Cobb,* 444 S.W.2d 408, 412 (Mo. banc 1969).

■ The State's evidence showed that Mr. Owen, witness for the prosecution, looked out of his window and saw the hood of his Chevrolet raised. He also saw another automobile parked in the street next to his car. He described the parked car as a white over dark colored Buick or Oldsmobile. He recognized the make of the vehicle by the shape of the taillights. In addition to the car parked in the street Mr. Owen saw two figures leaning over his car. He called to them from his window causing them to flee in the car which had been parked in the middle of the street. Mr. Owen immediately called the police to report the alleged tampering. He described the escape vehicle but was unable to describe the individuals. Twelve minutes after Mr. Owen's call two officers stopped a white over dark Oldsmobile near the scene of the tampering. The auto was driven by Curtis Davis. Eric Shelton, the defendant

was the passenger. Mr. Owen later made a positive identification of the Oldsmobile at the scene of the arrest on the basis of the automobile's color and taillights. Mr. Owen also testified that after he notified the police of the tampering he inspected his Chevrolet and found that one of the cables had been removed from the battery.

Officer Adams testified at trial, that upon conducting an inventory of the Oldsmobile at police headquarters several automobile batteries were found. These batteries were later identified by their owners as having been stolen earlier the same evening as that of the tampering. Defendant had a pair of vice grips in his jacket pocket.

In deciding whether this evidence was sufficient to sustain a conviction this court will regard as true all evidence which supports the verdict as well as logical inferences which may be drawn from such evidence. *State v. Turnbough,* supra, at 858. It is reasonable to infer from the above testimony that someone was tampering with Mr. Owen's car in an attempt to remove the battery. Defendant's involvement in this tampering is a logical inference from the fact that he was arrested in a vehicle containing stolen batteries minutes after the tampering was reported. This inference is further bolstered by the fact that the vehicle in which defendant was apprehended matched the description of the vehicle at the scene of the offense as given by Mr. Owen. The inference of defendant's involvement in the tampering is also supported by Mr. Owen's testimony that he discovered that one of the cables had been removed from his car's battery.

This evidence leads to the logical conclusion that the defendant was involved in tampering with Mr. Owen's car in an attempt to remove its battery. This theory, which is supported by the evidence, precludes any reasonable hypothesis of the defendant's innocence.

Point one is ruled against the defendant.

■ Defendant's second contention is that the trial court erred by not submitting to the jury an instruction on circumstantial

evidence. Defendant argues that the court was required to submit the instruction despite the fact that defense counsel did not request, and in fact, explicitly waived, the submission of such an instruction.

Defendant has not referred this court to any case which holds that the trial court must, sua sponte, submit an instruction on circumstantial evidence where such an instruction is warranted. Furthermore, the cases cited by defendant in his brief are of dubious value because they were decided prior to the enactment of MAI–CR 3.42 which currently regulates the submission of a circumstantial evidence instruction. The instructions for the use of the Missouri Approved Criminal Instructions direct that "[e]ach set of instructions (submitted to the jury) *must* also include the following instructions, *if requested,* applicable and proper: . . . One or more instructions in the 3.00 Series, . . ." (emphasis theirs). MAI–CR 3.42, the circumstantial evidence instruction, is part of the 3.00 series which is entitled "Instructions Required If Requested." Following the text of the Rule, in the "Notes on Use", it is stated that "[t]his instruction must be given if a circumstantial evidence instruction is appropriate *and is requested* in the manner provided by Rule 20.02" (emphasis added) MAI–CR 3.42.

It is apparent from a reading of the instruction and the directions for its use that the drafting committee clearly intended to impose no affirmative duty upon the court to submit such an instruction in the absence of a request. Nor has this court been able to find any case which holds that such a duty exists. The court in *State v.*

*Lewis,* 482 S.W.2d 432, 435 (Mo.1972), plainly states that even where all the evidence relied on for conviction is wholly circumstantial, an instruction on circumstantial evidence must be given only if requested. Although the court is responsible for submitted instructions to the jury on questions essential to the cause, the responsibility for requesting and formulating instructions on matters considered collateral rests with the parties. *State v. Barnes,* 442 S.W.2d 932, 934 (Mo.1969). Whether the evidence presented is circumstantial or direct is held to be a collateral matter and, therefore, an instruction as to the effect of such evidence must be requested by the party desiring its submission. *State v. Barnes,* supra, at 934; *State v. Wyre,* 87 S.W.2d 171, 174 (Mo. 1935).

The circumstances attending the instant case are certainly more persuasive than a mere failure to request the instruction. Here, the defendant's counsel expressly waived the submission of the instruction. Because defendant has not shown in which manner he was harmed by his counsel's waiver and because to rule otherwise would set a precedent for misinterpretation of MAI–CR 3.42, we rule against defendant on his second point.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.